**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 04-50266 |
| Plaintiff - Appellee, | D.C. No. CR-02-00248-TJH |
| v. | |
| CHRISTOPHER BLAINE CAREY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted December 11, 2009[**]
Pasadena, California

Before: HALL and SILVERMAN, Circuit Judges, and CONLON,[***] District Judge.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

Appellant Christopher Blaine Carey appeals (1) the denial of his motion to suppress evidence of child pornography and (2) the imposition of certain conditions as part of his supervised release. This court has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.  We affirm.

Carey brought his computer to a repair shop in Claremont, CA to fix a floppy disk drive, and the technician found child pornography while working on the computer.  The technician contacted the Claremont Police Department and showed an officer images from the computer, upon which the officer obtained a warrant to search the computer and defendant's residence.  Carey sought to suppress evidence procured from these searches due to violation of his Fourth Amendment rights.

The technician's search of Carey's hard drive was a private search that did not implicate the protections of the Fourth Amendment.  *United States v. Sherwin*, 539 F.2d 1, 5 (9th Cir. 1976).  No governmental actors were present during the search.  There were no agreements between the repair shop and the police department, and there is nothing to indicate that the technician initially searched Carey's computer with the intent to aid law enforcement.  The government's subsequent involvement did not change the private nature of the search, and Carey has not shown that the government's search expanded beyond the technician's search prior to the issuance of a warrant.  *United States v. Jacobsen*, 466 U.S. 109

(1984); *United States v. Young*, 153 F.3d 1079, 1080 (9th Cir. 1998) ("A defendant challenging a search conducted by a private party bears the burden of showing the search was governmental action.").

Because the technician's search was a private search that did not implicate the Fourth Amendment, we do not reach the issue of whether Carey had a reasonable expectation of privacy in the computer folders searched by the technician.

Carey has already completed his term of imprisonment and supervised release, mooting his challenge to the conditions of his supervised release. *United States v. Palomba*, 182 F.3d 1121 (9th Cir. 1999).

**AFFIRMED.**